[No. 14455. In Bank. — March 28, 1892.]

## A. E. YOUNG, APPELLANT, *v.* FRANCIS BRADY, RESPONDENT.

EVIDENCE — ORDER OF INTRODUCTION — ADMISSIONS OF DEFENDANT. —In an action for money loaned, evidence of the admissions of the indebtedness by the defendant should be properly introduced as a part of the plaintiff's original case, and the rejection of such evidence when offered in rebuttal is not error, if the plaintiff does not ask to be permitted to reopen his case for the purpose of introducing it.

ID. — IMPEACHMENT OF WITNESS — CONTRADICTORY STATEMENTS. — A witness cannot be impeached by evidence of contradictory statements until a proper foundation has been laid for its admission by asking the witness if he had made the statements claimed to be contradictory.

ID. — IMMATERIAL CONTRADICTION. — A witness cannot be impeached by evidence of contradictory statements as to a matter which is wholly irrelevant to any material issue.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Hendrick & Younkin,* and *A. H. Sweet,* for Appellant.

*Parrish, Mossholder & Lewis,* for Respondent.

VANCLIEF, C. — Action of *assumpsit* for money alleged to have been loaned by plaintiff to defendant. Judgment for defendant, from which, and from an order denying his motion for a new trial, the plaintiff brings this appeal.

The evidence for plaintiff tends to prove money paid or expended for the defendant, rather than money loaned; but no point is made on this ground. Whether the money had been paid for the defendant, or at his request, and whether he had promised to repay it, were the principal questions contested at the trial. The defendant testified that no money had been paid or expended by plaintiff for him, or at his request. On cross-examination, he testified that he was at plaintiff's house probably half a dozen times while he was building a house on a piece of public land, which he had entered as a pre-emptioner, in the vicinity of plaintiff's residence, and that he was at plaintiff's house on the evening after he entered the land. He was then asked the following question: —

" Do you recollect having any conversation there with Mr. Young (plaintiff), in the presence of Miss Green, during this time, in reference to how thankful you were that he had secured this claim (the pre-emption claim) for you, and that you were going to reimburse him as soon as you could? A. No, sir; never had such a conversation."

The plaintiff called Miss Green in rebuttal, who testified that she had lived with plaintiff since she was a child, and recollected the time defendant took possession of the land; that she had heard conversations between plaintiff and defendant at plaintiff's house, at different times, within ten days after defendant took possession of the land, about that land, or the purchase of land. She was then asked whether, at any of those times, she heard a conversation between them " in reference to repaying Mr. Young the money Young had advanced to Mrs. Barton, . . . . wherein the defendant stated that he was exceedingly thankful to Mr. Young for obtaining for him the land, and that he would endeavor to pay him the money which plaintiff had paid to Mrs. Barton as soon as he possibly could, — at least, by the time he would make his proof upon the land "; and asking the witness to confine herself " to the conversation in reference to

his thankfulness to Mr. Young for securing the land, and that he would pay the money that he had paid Mrs. Barton as soon as he could, or by the time that he would make his proof upon the land."

Upon objection by defendant's counsel, the court excluded this proffered testimony, on the grounds, — 1. That, as admissions of the defendant, they were part of plaintiff's original case, which should not have been withheld for the purpose of rebutting the evidence on the part of the defendant; and 2. That as evidence to impeach the defendant, the proper foundation had not been laid for its admission. The propriety of this ruling is the only question presented.

The court was not asked to permit the plaintiff to reopen his case for the purpose of introducing this testimony; therefore the court did not err in excluding it as a part of plaintiff's original case. (*Kohler* v. *Wells, Fargo & Co.,* 26 Cal. 607; *Union Water Co.* v. *Crary,* 25 Cal. 506; Code Civ. Proc., secs. 607, 2042.)

As evidence to impeach the defendant, a proper foundation had not been laid for the admission of any material part of it. The defendant had not been asked whether, in any conversation with plaintiff in the presence of Miss Green, or at plaintiff's house, he had said anything about reimbursing or repaying plaintiff for any money advanced or paid by plaintiff to Mrs. Barton; nor anything as to the nature of the favor or service the plaintiff had done, for which he (defendant) had said he was thankful. That the defendant was thankful for some undisclosed favor or service in assisting him to secure his land claim, and for which he intended "to reimburse" plaintiff, was wholly irrelevant to any material issue. It had no tendency to prove that plaintiff had loaned money to defendant, or paid or expended money for or on account of the defendant, and therefore the answer of the defendant to the question of plaintiff's counsel as to this collateral irrelevant matter was conclusive upon the plaintiff. (*Pierce* v. *Schaden,* 59 Cal. 540.)

I think the judgment and order should be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Mr. Justice De Haven did not participate in the foregoing decision.